IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GEORG ROBERT CURNUTT, #A0260662, | ) ) ) | CIV. NO. 14-00054 LEK/KSC |
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| vs. | ) ) | |
| STATE OF HAWAII, | ) ) | |
| Respondent. | ) ) | |

## ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Before the court is pro se petitioner Georg Robert Curnutt's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Pet., Doc. No. 1. Curnutt is a pretrial detainee at the Hawaii Community Correctional Center ("HCCC"). Cornutt complains he is subject to a "highly prejudicial" three-panel psychiatric proceeding pursuant to Hawaii Revised Statutes ("HRS") § 704-404, to determine his fitness for trial. He alleges this examination violates his Speedy Trial, Due Process, and Equal Protection rights under the United States Constitution.

The Office of the Prosecuting Attorney for the City and County of Honolulu and the Office of the Attorney General have filed responses to this court's preliminary order to show cause. *See* Doc. Nos. 7, 9. The court finds that the record is complete and no reply is required from Curnutt. For the following reasons, the Petition is DISMISSED.

## I. BACKGROUND

On or about July 3, 2013, Curnutt was charged with Attempted Murder in the Second Degree in the Circuit Court of the Third Circuit, State of Hawaii. *See* Cr. No. 13-1-0245, App. A., Doc. No. 7-3. On October 8, 2013, Curnutt's defense attorney moved for a three-panel mental health examination to determine Curnutt's fitness to proceed, pursuant to HRS § 704-404. *Id.* The circuit court granted Curnutt's motion on October 11, 2013, and suspended the proceedings until Andrew D. Bisset, Ph.D., M.D., Dennis R. Donovan, Ph.D., ABDP, CSAC, and Henry H. Yang, M.D., evaluated his fitness to proceed. *Id.; see also*, Doc. No. Resp.' App. B, Doc. No. 9-4.

Curnutt does not trust Dr. Bisset to fairly assess his mental health, however, based on their past interactions. *See* Pet., Doc. No. 1, PageId #5. Curnutt asserts that his Due Process, Equal Protection, and Speedy Trial rights are being violated by Dr. Bisset's appointment to the panel. *See generally*, Pet., Doc. No. 1. Curnutt also claims that his prison identification bracelet misidentifies him and he has limited access to the prison law library. *Id.*

Curnutt did not raise his concerns about Dr. Bisset with the circuit court before filing this Petition. *See* Cr. No. 13-1-0245, Doc. No. 7-3. Thus, the circuit court was unaware of Curnutt's allegations against Dr. Bisset until he filed the

instant Petition on January 31, 2014.  When the circuit court became aware of Curnutt's concerns, it issued an amended order substituting Walter Jaeckle, M.D., for Dr. Bisset, on February 10, 2014.  *Id.*  Drs. Donovan, Yang, and Jaeckle have now each submitted their confidential reports to the circuit court.  *See id.*, avail. at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/ (last viewed Apr. 11, 2014).  The circuit court ordered Curnutt's criminal proceedings to resume on March 26, 2014.  *Id.*

## II. LEGAL STANDARDS

A federal court may grant a petition for writ of habeas corpus only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Habeas relief may not be granted "unless it is shown that the earlier state court's decision 'was contrary to' federal law then clearly established in the holdings of [the Supreme] Court; or that it 'involved an unreasonable application of' such law; or that it 'was based on an unreasonable determination of the facts' in light of the record before the state court."  *Harrington v. Richter*, --- U.S. ----, 131 S. Ct. 770, 785 (2011) (citations omitted).  Further, a court may not grant a petition for writ of habeas corpus unless the applicant has exhausted the remedies available in the State courts or such remedies are unavailable or ineffective.  28 U.S.C. § 2254(b)(1).

3

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") requires the court to review each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). A petition must also state facts that point to a real possibility of constitutional error. Habeas Rule 4, Advisory Committee Notes (1976); *O'Bremski*, 915 F.2d at 420 (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)). The Advisory Notes to Rule 8 also state that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

### III. DISCUSSION

Curnutt's Petition is subject to dismissal on several bases. First, the relief Curnutt seeks, removal of Dr. Bisset on the HRS § 704-404 examination panel and reinstatement of his criminal proceedings, has been satisfied, rendering his Petition moot. *See Blair v. Martel*, 645 F.3d 1151, 1157 (9th Cir. 2011)

4

(finding a request to order the California Supreme Court to hear the petitioner's direct appeal in his criminal proceedings became moot after his appeal was decided on the merits) (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." (internal quotation marks omitted)). Here, the circuit court has replaced Dr. Bisset with Dr. Jaeckle, the § 704-404 examination is complete, and Curnutt's criminal proceedings have resumed, rendering his claims for relief moot.

Second, to the extent Curnett is dissatisfied with the result he received, his claims are unexhausted. A person in state custody must exhaust his state court remedies before a federal court may grant habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must fairly present his federal claims in the highest state court with authority to hear the claims so the State has the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also, Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (petitioner must reach point where he

has no state remedies available to him at the time he files his federal habeas petition). Cornutt has not pursued his claims beyond the state circuit court.

Third, Curnutt's claims are without merit. While he has a Sixth Amendment right to a speedy trial, that right is "amorphous . . . slippery . . . [and] consistent with delays and depend[ent] upon circumstances." *Vermont v. Brillon*, 556 556 U.S. 81, 89 (2009) (quoting *Barker v. Wingo*, 407 U.S. 514, 522 (1972) (internal quotation marks omitted)). Factors to weigh in determining whether the right has been violated include the reason for the delay, the length of the delay, the defendant's assertion of his right, and any prejudice to the defendant. *Brillon*, 556 U.S. at 90; *Barker*, 507 U.S. at 530. Relevant here, delay caused by defense counsel is excluded from the computation. *Brillon*, 556 U.S. at 90-91; *see also*, Haw. R. Penal P. 48(c) (expressly excluding from computation of speedy trial right continuances requested, or consented to, by the defendant and delay due to proceedings to determine a defendant's mental competency); *see also*, *Hawaii v. Schoenlein*, 2011 WL 2611286, at *1 (Haw. App. 2011); *Alldredge v. Harrington*, 2011 WL 3047624, *11 (N.D. Cal. 2011) ("The period during which defendant is not competent is not counted in the . . . assessment of whether the trial occurred in a timely fashion, because a state cannot, consistent with due process, hold a trial for a mentally

incompetent defendant.").

Cornutt's defense counsel sought a mental health fitness determination, and even if he had not, that time is specifically excludable from computation of Curnutt's speedy trial rights.  Subtracting the 166 days during which Curnutt was undergoing this examination,[1] from the 266 days that ran between the date he was arrested and the date his trial resumed,[2] leaves 100 days to consider.  This short delay attributed to Curnutt's defense counsel's motion did not prejudice Curnutt or violate his Speedy Trial rights.  *See Barker*, 407 U.S. at 530 (enumerating the factors to be considered).  Moreover, because the circuit court replaced Dr. Bisset at Cornutt's urging, there is no discernable Due Process or Equal Protection violation.

Finally, a federal court is prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" that warrant federal intervention.  *Younger v. Harris*, 401 U.S. at 43–54; *see Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004).  *Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise

---

[1] From October 11, 2013, when the circuit court suspended the proceedings until March 26, 2014, when the proceedings resumed. *See* http://hoohiki1.courts.state.hi.us/jud/Hoohiki/

[2] From July 3, 2013, when Curnutt was arrested, until March 26, 2013, when the trial resumed.  *Id.*

7

the constitutional claims. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003). Cornutt's criminal proceeding is ongoing, it clearly implicates important state interests, and he may raise any constitutional claims he may have therein.[3]

## IV. CONCLUSION

Because Cornutt's Petition is moot, unexhausted, meritless, and subject to the *Younger* abstention doctrine, it is DISMISSED.

Because Curnutt does not demonstrate that reasonable jurists would find this court's assessment is debatable or wrong, a certificate of appealability is DENIED. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

---

[3] To the extent Curnutt raises claims concerning his misspelled identification bracelet and alleged lack of library access separately, rather than as support for his habeas claims, he may file a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983.

DATED: Honolulu, Hawaii, April 14, 2014.



          /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

Cornutt v. Hawaii, Civ. No. 14-00054 LEK/KSC; psas habeas 2014; J:\Denise's Draft Orders\LEK\Curnett 14-54 lek (dsm dny coa; pndg st. prdgs, moot, unexh).wpd